IT IS HEREBY ADJUDGED
and DECREED this is SO
ORDERED.

Dated: December 17, 2009

_____
SARAH S. CURLEY
U.S. Bankruptcy Judge

# TIFFANY & BOSCO
### P.A.

**2525 E. CAMELBACK ROAD**
**SUITE 300**
**PHOENIX, ARIZONA 85016**
**TELEPHONE: (602) 255-6000**
**FACSIMILE: (602) 255-0192**

Mark S. Bosco
State Bar No. 010167
Leonard J. McDonald
State Bar No. 014228
Attorneys for Movant

08-20215/0004937534

## IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF ARIZONA

IN RE:

John D. Jones and Loretta Lee Jones
      Debtors.

_____

PNC Mortgage, a division of PNC Bank, NA, fka
National City Mortgage Co.

           Movant,

     vs.

John D. Jones and Loretta Lee Jones,
Debtors;Office of the US Trustee, Trustee.

        Respondents.

No. 2:08-bk-17854-SSC

Chapter 11

(Related to Docket #64)

**ORDER APPROVING
STIPULATION REGARDING
MOTION FOR RELIEF**

IT IS HEREBY ORDERED by and between the parties herein, through counsel undersigned,

that all stays and injunctions, including the automatic stays under U.S. Bankruptcy Code Section

362(a), are hereby vacated with respect to the real property which is the subject of the Deed of Trust

recorded in the records of the Maricopa County, Arizona Recorder's Office, wherein John D. Jones

and Loretta Lee Jones, are designated as trustors and PNC Mortgage, a division of PNC Bank, NA,

1

fka National City Mortgage Co. is the current beneficiary, which Deed of Trust encumbers the

following described real property:

> Lot Twenty Two (22), WESTCHESTER ESTATES, according to Book 157 of Maps, Page 2,
> records of Maricopa County, Arizona.

IT IS FURTHER ORDERED that the debtors will cure the post-petition arrearages currently

due as follows:

| | |
|---|---|
| 5 Monthly Payments(s) at $5,526.64 | $27,633.20 |
| (August 1, 2009 - December 1, 2009) | |
| 5 Late Charge(s) at $230.60 | $1,153.00 |
| (August 1, 2009 - December 1, 2009) | |
| Motion for Relief Filing Fee | $150.00 |
| Attorneys Fees | $800.00 |
| Total | $29,736.20 |

1.      The total arrearage shall be paid in six monthly installments.  Payments one through

five (1-5) in the amount of $4,956.04 shall be in addition to the regular monthly payment and shall be

due on or before the 15th day of the month commencing with the December 15, 2009 payment and

continuing throughout and concluding on or before April 15, 2010. The sixth final payment in the

amount of $4,956.00 shall be paid on or before May 15, 2010.

2.      In addition to the payment listed in Paragraph 1, the Debtors, will make the regular

post-petition payment due for , which shall be made when due, and all subsequent payments shall be

made when due.

IT IS FURTHER ORDERED that PNC Mortgage, a division of PNC Bank, NA, fka National

City Mortgage Co. as the current beneficiary under the above described Deed of Trust agrees not to

conduct a Trustee's Sale or judicial "foreclosure" on its Deed of Trust, so long as the terms of this

Stipulation are complied with.  In the event of default in making any payments described herein

Secured Creditor is permitted, in its discretion, to conduct a Trustee's Sale, judicial foreclosure, or

take whatever other actions necessary to protect their interest in the above legally described property

upon giving written notice of such default to debtors, Debtors' Counsel and Trustee and Debtors' failure to cure such default within fifteen (15) days of the date of such notice. In the event said default is not cured within said fifteen (15) day period, all arrearages, both pre-petition and post-petition shall become immediately due and payable in full and pre-petition arrearages shall not continue to be payable under the terms of the Plan.

IT IS FURTHER ORDERED that if a default notice becomes necessary, Debtors will be charged $150.00 for fees and costs associated with handling the curing of the default, to be paid together with the defaulted payment and late charge. Debtors shall tender the default payment, late charge and the additional $150.00 fee for attorney's fees and costs, as set forth above, in the form of a cashier's check or money order, made payable to Movant. If the defaulted payments are not received by Movant, together with the late charge and the $150.00 default fee, within fifteen days after the default notice was sent, all arrearages, both pre-petition and post-petition shall become immediately due and payable in full and pre-petition arrearages shall not continue to be payable under the terms of the plan.

IT IS FURTHER ORDERED that if Debtor' Bankruptcy Case No. 2:08-bk-17854-SSC is dismissed, either voluntary or involuntary, for any reason, this Order will become null and void and PNC Mortgage, a division of PNC Bank, NA, fka National City Mortgage Co., and after such dismissal, may, in its discretion, conduct a Trustee's Sale or judicial "foreclosure" on its Deed of Trust or take whatever other actions necessary to protect their interest in the above legally described property.

IT IS FURTHER ORDERED that in the event of conversion by the Debtor to any other bankruptcy chapter, the repayment portion of this Order shall become null and void, except that the

portion of this Order vacating the automatic stay under U.S. Bankruptcy Code Section 362 (a) shall

remain in full force and effect.

IT IS FURTHER ORDERED that any hearings scheduled in the matter are vacated.

DATED this _____ day of 2009.

_____
UNITED STATES BANKRUPTCY JUDGE